Izaak D. Schwaiger, SBN 267888
**SCHWAIGER LAW FIRM**
2901 Cleveland Avenue, Suite 201
Santa Rosa, CA 95403
Tel. (707) 595-4414
Facsimile: (707) 581-1983
E-mail: izaak@izaakschwaiger.com

Brian Gearinger, SBN 146125
**GEARINGER LAW GROUP**
115 4th Street, Suite C
Santa Rosa, California 95401
Telephone: (415) 440-3102
brian@gearingerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER ROGERS SMITH, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF MARIN, DORI AHANA, ROOPA KRISHNA, ANDRE LONGTIN-HORTON, and DOES 1-25, inclusive. <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES <br><br> 1. Malicious Prosecution <br> 2. Retaliation (First Amendment) <br> 3. Deliberate Fabrication of Evidence <br> 4. Unconstitutional Policy, Custom, or Practice <br><br> (42 U.S.C. Section 1983) <br><br> Jury Trial demand |

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

COMES NOW PLAINTIFF, TYLER SMITH, who complains of defendants, and each of them, and alleges as follows:

### INTRODUCTION

1. This civil rights action arises out of the unlawful prosecution of a TYLER ROGERS SMITH ("Mr. Smith" or "Plaintiff"), a criminal defense attorney practicing law in the County of Marin. The Marin County District Attorney's Office, upset with Mr. Smith's effective advocacy in a pending criminal case, exceeded their traditional role as advocates, and internally investigated Mr. Smith for the crime of witness dissuasion, ultimately bringing felony charges against Mr. Smith for entirely lawful activity related to the practice of law. These charges were brought with knowledge of their falsity, and were designed to gain an advantage in the case Mr. Smith was litigating, and to chill effective representation among the defense bar.

2. While prosecutors enjoy near absolute immunity for their charging decisions, even if motivated my malice, bad faith, or revenge, the causes of action levied against these defendants here do not pertain to any acts performed in their capacities as prosecutors, but rely instead upon the unlawful acts and omissions of these defendants that caused Mr. Smith's prosecution to occur, unsupported by probable cause, prior to any charging decision being made.

3. The acts of these defendants were intentional and done in knowing violation of the law. These defendants' brazen disregard for Mr. Smith's rights and for the rule of law caused lasting harm to Mr. Smith, the legal community, and the practice of law in the County of Marin.

### JURISDICTION & VENUE

4. This action is brought pursuant to 42 U.S.C. section 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and California State law. Jurisdiction is based upon 28 U.S.C. sections 1331 and 1343.

5. The claims alleged herein arose in the County of Marin in the State of California. Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. section 1391(b)(2).

COMPLAINT FOR DAMAGES

**PARTIES**

6.      Plaintiff TYLER SMITH is an individual who at the time of these events was residing in Contra Costa County, California.

7.      Defendant COUNTY OF MARIN is a public entity situated in the State of California and organized under the laws of the State of California. Defendant COUNTY OF MARIN is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. At all times relevant to the facts alleged herein, Defendant COUNTY OF MARIN was responsible for assuring that the acts, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

8.      Defendant DORI AHANA is, and at all times alleged herein was, a chief deputy district attorney and employee of the County of Marin, California.

9.      Defendant ROOPA KHRISNA is, and at all times alleged herein was, a deputy district attorney and employee of the County of Marin, California.

10.      Defendant ANDRE LONGTIN-HORTON is, and at all times alleged herein was, a district attorney investigator and employee of the County of Marin, California.

11.      The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 25 inclusive, are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names. Defendants DOES 1 through 25, and each of them, were responsible in some manner for the injuries and damages alleged herein. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein.

12.      In doing the acts and/or omissions alleged herein, the individual defendants, including DOES 1 through 25, acted in concert with each of said other defendants herein.

13.      At all relevant times, DORI AHANA, ROOPA KRISHNA, and ANDRE LONGTIN-HORTON acted law in the course and scope of their duties as agents and employees of Defendant COUNTY OF MARIN.

COMPLAINT FOR DAMAGES

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

14. Each of the Defendants caused and is responsible for the unlawful conduct alleged herein by personally participating in the conduct, acting jointly and in concert with others who did so; or by authorizing, acquiescing in, or failing to take action to prevent the unlawful conduct.

### STATEMENT OF FACTS

15. Plaintiff TYLER SMITH is an attorney who practices law in the County of Marin. In 2023, Mr. Smith took on the representation of a Nick Pasichuke, a man charged by the Marin County District Attorney's Office with a misdemeanor violation of California Penal Code section 594(a), commonly known as vandalism. Mr. Pasichuke was alleged to have smashed his girlfriend's laptop after discovering she had an active OnlyFans account where she performed live sex shows for online subscribers. In preparing the defense of the case, Mr. Smith learned that Mr. Pasichuke's girlfriend did not want anything to do with the prosecution, only that she wanted reimbursement for the damage caused to her laptop.

16. Upon learning the alleged victim did not desire prosecution, Mr. Smith contacted the Marin County District Attorney's Office to discuss the idea of a civil compromise. California Penal Code section 1377 provides that certain misdemeanor offenses that have remedies available through a civil action may be compromised between the real parties in interest and subsequently dismissed. Whether an offense is suitable for such a compromise is determined by the trial court, though statutorily cases involving certain domestic relations are precluded. The prosecutor believed that because of the domestic relationship at play, the charge could not be civilly compromised. Mr. Smith disagreed, as the complaint failed to allege any victim, let alone a victim with a domestic relationship that might preclude a compromise, and because no crime of domestic violence had been charged.

17. On July 23, 2023, Mr. Pasichuke was arraigned on the one-count vandalism misdemeanor complaint, and the case was continued to August 25, 2023. The following day, July 24, 2023, the Marin County District Attorney's Office ("MCDAO") contacted the victim who informed them that she just wanted to move forward with her life and that she was in the process of moving. The DA's office informed the victim that she would be entitled to restitution if Mr.

- 3 -

Pasichuke was convicted. On July 31, 2023, the victim again spoke with the DA's office, and told them that in addition to having her laptop replaced, she would like to have her moving expenses covered through restitution. On August 25, 2023, the case was set for a jury trial on December 4, 2023, with a pretrial conference set for November 29, 2023.

18.     At some time after arraignment, Mr. Smith learned that the victim had moved to Texas. Mr. Smith contacted the woman who agreed to speak with him on the phone with a lawyer present on the call. She confirmed that she did not want prosecution and only wanted reimbursement for her out-of-pocket costs. She ultimately stated she would accept $3,000 for the damage to her laptop and for the costs of her moving back home to Texas after the breakup, and in exchange agreed to sign a civil compromise with the following language:

"[Victim] agrees to refrain from cooperating with the Marin County District Attorney's Office ("DA's Office"), in the pending prosecution against Nick, (No. 340880, The People of the State of California v. Nicholas Pasichuke, the "pending prosecution") in a lawful manner, including but not limited to her agreement to not travel to California during the pending prosecution to avail herself to being subpoenaed by the DA's Office, her agreement not to voluntarily testify against Nick in the pending prosecution, and generally her agreement to not assist the DA's Office in the pending prosecution unless lawfully subpoenaed to do so…"

19.     On October 31, 2023, the agreement was signed by all parties and signed by Mr. Smith approving it as to form. Mr. Pasichuke issued a check to the victim for $3,000. The victim signed the agreement in her attorney's office with the advice of her counsel. On November 1, 2023, Mr. Smith emailed the agreement to the prosecuting attorney, Roopa Krishna. He included the following note: "I explained to [victim] that she cannot actively avoid service of a subpoena, and if she is served with a subpoena she must comply with it. But she has assured me she is not living in CA, and does not plan to come back to CA anytime soon, and certainly not before December, which is when our trial is set for."

COMPLAINT FOR DAMAGES

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

20.    On November 7, 2023, DDA Khrisna sent an email to fellow prosecutors Dori Ahana, Daniel Madow, and Leon Kousharian concerning these communications with Mr. Smith. In that email she said she needed someone "smarter and more experienced than me to talk me down." She described Mr. Smith as having "made the victim unavailable for trial," described his conduct as "reprehensible," and said that "a referral to the state bar is an absolute minimum consequence here but please, wiser folks help me out. Can/should we file a 136?"

21.    On November 15, 2023, two weeks before the pretrial conference, Mr. Smith filed a Motion for Court Diversion pursuant to California Penal Code sections 1001.95-1001.97. In the motion, Mr. Smith detailed the efforts of the defense to affect a civil compromise: "[Pasichuke] wanted to be proactive in handling this case and wanted to do right by the victim. The victim has moved back to Texas and has agreed to not voluntarily cooperate with the prosecution in exchange for Nicholas paying her $3,000 for the damage to her computer plus costs associated with her move."

22.    On November 27, 2023, the victim sent a text message to her assigned victim advocate at the DA's office: "I haven't heard anything from the DA's Office and I haven't received anything by mail. Please let me know if the case has been dropped or if you hear any updates." The victim advocate responded: "You will receive a subpoena if you are needed…" The victim replied: "Thanks for getting back to me. So just to confirm, there's nothing I need to do unless I receive a subpoena?" The advocate responded: "Yes." The victim clarified: "And they have my Texas address, correct?" The advocate: "That is correct, nothing for you to do unless you receive a subpoena, they do have the correct address."

23.    On November 29, 2023, Mr. Smith appeared with his client on the matter to argue the pending motion for diversion, but before the court could address the motion, Mr. Madow announced, "There's a little hiccup in this whole thing. I mean, I'll try to be as clear as possible. Our office is investigating defense counsel for witness dissuasion related to his conduct in this case. We would suggest that the trial date be vacated and we put this case over. The conduct of defense counsel has created, in our opinion, of what we see as a conflict of interest… We would

- 5 -

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

suggest that counsel not speak at this point, so he doesn't incriminate himself… And I think that you should put this case over, vacate the trial, and defendant should probably seek new counsel."

24.    Mr. Smith conferred with his client and then informed the court that they intended to keep the trial date and to proceed on a time-not-waived basis. Mr. Madow responded, "This case should not go to trial next week. And it really should not go to trial with this attorney as his counsel…" The court reset the trial for December 15, 2023.

25.    Unbeknownst to Mr. Smith at the time, the Marin County DA's office had made no efforts to secure the victim's attendance at trial and were entirely unprepared to proceed. The hope of the DA's office was that Mr. Smith would be intimidated off the case, and that they would not be forced to proceed with a case they had failed to exercise due diligence in prosecuting.

26.    Seven days later, on December 6, 2023, the District Attorney of Marin County, Lori Frugoli, through her deputy Leon Kousharian, charged Mr. Smith by way of felony complaint with one felony count of violating California Penal Code section 138(a), bribery, and one felony count of violating California Penal Code section 136.1(a), witness dissuasion. The complaint included a notice that witness dissuasion was a strike offense carrying a mandatory prison sentence. The underlying investigation was completed entirely by members of the Marin County DA's office, and at least seven members of the DA's office were named as witnesses. The allegations were completely unsupported by probable cause, and every member of the DA's office involved in the investigation and filing decision knew the charges were unsupported by probable cause.

27.    But Mr. Smith had transgressed the DA's monopoly of power in the criminal justice system, and now, having rejected Mr. Smith's attempts to resolve the Pasichuke matter through civil compromise or diversion and having failed to make any efforts to secure a critical witness for trial, the DA was left only with a case they could no longer prosecute. This usurpation of power left the DA's office vulnerable, and they had to send a message to the defense bar that advocacy could be tolerated only to the extent it did not interfere with a conviction. By bringing

felony charges against Mr. Smith, they would quell any future interference with their prosecutions caused by such vigorous defense. Contemporaneous with the filing of the complaint, the District Attorney's office notified the California State Bar of the charges pending against Mr. Smith.

28.    Despite knowing the facts of the case and that no reasonable person would believe such facts constituted a crime, Marin County Chief Deputy Dori Ahana specially assigned MCDA investigator Andre Longtin-Hortin to lead an investigation into Mr. Smith for bribery and witness dissuasion. At Ms. Ahana's direction, Longtin-Hortin interviewed and relied upon the statements of a number of Marin County deputy district attorneys and on November 15, 2023, based on those interviews, he concluded that "I believe there is a strong likelihood that the actions taken by Mr. Smith to include moving [the victim] out of state, dissuaded a once cooperative victim and therein made an important material witness unavailable to the prosecution for trial." His report, including its knowingly false conclusions, was generated at the direction of Ms. Ahana and formed the basis of Mr. Smith's prosecution.

29.    Longtin-Hortin relied upon statements from Deputy District Attorney Roopa Khrisna, who told Longtin-Horton that Mr. Smith had contacted her regarding a proposed civil compromise, and that Mr. Smith had emailed her the signed agreement between Mr. Pasichuke and his ex-girlfriend. Khrisna reported that Mr. Smith had paid the victim $3,000 to not cooperate with the DA's Office, and to "help move the victim out of state." But DDA Khrisna's statement was false. Longtin-Horton would later testify under oath that he knew that the victim had moved to Texas *prior* to entering into any agreement with Mr. Pasichuke. But Longtin-Horton never recorded that critical piece of information in his November 15, 2023 report, instead writing that Mr. Smith had moved the victim out of state to make her unavailable for trial. Longtin-Horton included the same knowing misrepresentations in a sworn affidavit for a search warrant in an unsuccessful attempt to find evidence that Mr. Smith had engaged in criminal conduct. The Superior Court would later traverse the warrant based on its reliance on Longtin-Horton's false statements to the court.

COMPLAINT FOR DAMAGES

30.     Both Khrishna and Longtin-Horton knew that Mr. Smith had specifically told the victim that she could not actively avoid service of a subpoena, and if she was served with a subpoena that she must comply with it. Both knew that the agreement only required the victim not to cooperate voluntarily "in a lawful manner." Both knew that the victim's decision to move out of state was entirely her own. Both knew that the MCDAO had regular and ongoing contact with the victim, described by the assigned victim advocate as "a good working relationship" who had kept their office apprised of her whereabouts through the duration of the Pasichuke matter.

31.     In the District Attorney's own file, a note dated October 4, 2023, read, "Spoke with victim, updated her on case status, expectations should it go to JT. Victim has moved back to Texas to be close to family, but will make herself available should she need to testify. Updated address for her client file." Yet Ms. Khrisna would later perjuriously testify that she believed Mr. Smith had paid the victim to move out-of-state and stay out-of-state so the case against Mr. Pasichuke would be dismissed.

32.     In Longtin-Horton's investigator's report of November 15, 2023, he noted that upon review of the civil compromise document he observed that the document had been e-signed by all parties, and that for each signature there was an associated IP address. Longtin-Horton used an IP geolocation tool to determine the location of each signer at the time of signing. His November 15, 2023 report explicitly stated that the victim's location at the time of signing was Plano, Texas. Longtin-Horton then phoned the victim who confirmed she was living in Plano, Texas. Longtin-Horton then enlisted the assistance of the Plano Police Department to conduct a drive by of the victim's suspected residence in Plano to confirm she was there. On November 28, the victim sent a text message to the MCDAO's victim advocate which read: "Thanks for getting back to me. So just to confirm there's nothing I need to do unless I receive a subpoena? And they have my Texas address correct? I just want to be sure since the original trial date (December 4th) is coming up."

33.     Accordingly, while the DDA Khrisna and DAI Longtin-Horton claimed that Mr. Smith had moved the victim out of state and dissuaded a once-cooperative victim from testifying, they both knew beyond any doubt that the victim had moved on her own to be closer to family

- 8 -

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

without any encouragement from any other person and prior to speaking with Mr. Smith at all, that she was in Texas prior to the agreement being signed, and that she continued to communicate with the DA's office, going so far as to ensure that they had her correct Texas address in the event she needed to be subpoenaed for trial.

34. Incredibly, despite knowing the precise location of the victim and having the assistance of the Plano Police Department who made personal contact with the victim at the request of the DA's office, the DA's office never so much as attempted to procure the victim's attendance at trial by way of subpoena, instead electing to abandon their pursuit of Mr. Pasichuke in favor of prosecuting his attorney. Longtin-Horton contacted the victim by phone, but not to discuss her attendance at the Pasichuke trial, rather only to try to obtain evidence against Mr. Smith, an effort that ultimately proved fruitless.

35. On December 14, 2023, Mr. Smith's attorney, Charles Dresow, delivered correspondence to the Marin County District Attorney Lori Frugoli requesting her office recuse itself from the prosecution of Mr. Smith's matter, citing the obvious conflict of interest, and asking Ms. Frugoli to provide the Marin District Attorney's Office's policy regarding conflicts of interest. Ms. Frugoli never responded, the chief reason being that the Marin County District Attorney's Office had no conflict-of-interest policy, a shortcoming pointed out in an independent report commissioned in 2023 by the Marin County Executive's Office in response to a 2023 civil grand jury report concerning the prosecutor's office. Even the most basic conflict of interest policy, if followed, would have prevented this unlawful prosecution by the Marin District Attorney's Office. Had Ms. Frugoli given equal concern to guarding against such conflicts as she gave to prosecuting a courtroom opponent for a crime he was clearly innocent of, she would have seen Mr. Dresow's correspondence as a clear warning of a serious deficiency in her office. Instead, she doubled down on Mr. Smith's prosecution and made no efforts to address her office's policy failure regarding its conflict of interest.

36. On January 24, 2024, the San Jose Mercury News published an article titled "Marin DA's office accuses East Bay attorney of bribing witness." On March 1, 2024, the Marin

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

Independent Journal published another article titled "East Bay attorney charged in Marin bribery case pleads not guilty." The article read, "A defense attorney pleaded not guilty Thursday to charges that he bribed a witness in a Marin County case. Tyler Rogers Smith was defending a vandalism suspect last year when he attempted to subvert the prosecution, the District Attorney's Office alleges. Smith, who works for a firm in Walnut Creek, is accused of arranging an out-of-court agreement for his client to pay his ex-girlfriend $3,000 to not testify against him. Smith is charged with offering to bribe a witness and dissuading a witness from testifying… If convicted, Smith could face up to four years in prison." Mr. Smith's State Bar profile, visible to the public and to any prospective client, was updated to indicate that he was pending felony charges.

37.     On September 20, 2024, a preliminary hearing was held before the Honorable Judge Geoffrey Howard. At that hearing the DA was unable to present sufficient evidence to procure a holding order and the case was dismissed. Undeterred, ten days later, on September 30, 2024, the District Attorney filed a new felony complaint against Mr. Smith, this time realleging the two original felonies, but now adding a third felony count of witness dissuasion and a fourth count of inducing false testimony in violation of California Penal Code section 137(c).

38.     Mr. Smith's second preliminary hearing commenced on November 20, 2024, again before Judge Howard. At the conclusion of the hearing on December 13, 2024, Judge Howard again discharged all charges against Mr. Smith, but not without commentary on the weakness of the prosecutor's evidence. "[T]here's been no evidence [of corrupt intent] whatsoever… And here the intent is the opposite, the intent is that she is to testify, she is to accept the subpoena, she is to come pursuant to the subpoena… for those reasons, I don't find that there's reasonable or probable cause on Count 1, and Count 1 is discharged."

39.     The court continued as to Counts 2 and 3: "I think there's the same lack of evidence… he's not a party to the agreement that is alleged to constitute the bribe. I don't think there's sufficient evidence that he aided and abetted. But even if there is, the act has to be malicious… there's just no indication that this agreement in any way interfered with the orderly administration of justice or that this defendant intended to interfere in the [orderly] administration of justice in

COMPLAINT FOR DAMAGES

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

approving the agreement as to form or coordinating a civil compromise. So Counts 2 and 3 are discharged… I will not be issuing a holding order.”

40.    “And the Count 4 is the violation of Penal Code Section 137(c)… And I'm just not convinced, I don't think there's evidence that supports that at least at a probable cause level… She's voluntarily calling the District Attorney's Office, she's essentially offering her testimony, wondering what's happening. So I just don't find that there's a basis to find the violation of 137(c), and discharge Count 4.”

41.    Unable to accept a second defeat in its attempt to prosecute Mr. Smith, the Marin County District Attorney filed a highly unusual motion to reinstate the complaint pursuant to California Penal Code section 871.5. On June 25, 2025, the Superior Court reaffirmed *for a third time* that there was a lack of probable cause for the prosecution and denied the motion.

## STATEMENT OF DAMAGES

42.    As a result of the acts and/or omissions alleged herein, Plaintiff suffered general damages including extreme and severe fear and emotional distress, anxiety, humiliation, damage to reputation, and economic loss in an amount to be determined according to proof.

43.    The acts and omissions of these defendants were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages against these defendants in an amount according to proof.

44.    Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorneys' fees and costs.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
[42 U.S.C. §1983 – MALICIOUS PROSECUTION – DEFENDANTS AHANA, KRISHNA, LONGTIN-HORTON, AND DOES 1-25]

45.    Plaintiff Tyler Smith hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

- 11 -

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

46.     Defendants Ahana, Khrisna, Longtin-Horton, and Does 1-25 caused Mr. Smith to be prosecuted knowing that the prosecution was unsupported by probable cause to believe he had committed any crime. These defendants, individually and acting in concert with one another, and as integral participants to each other's constitutional violations, acted out of malice in an effort to punish Mr. Smith for his effective advocacy and to gain advantage in a case where the MCDAO was his adversary. They further acted in an effort to chill effective advocacy among the Marin County criminal defense bar as a whole, and to assert dominance and control over Marin County's criminal justice system.

47.     As a direct and proximate result of these defendants' acts and omissions, Plaintiff Tyler Smith was denied his most basic constitutional rights and as a result, needlessly faced mental and emotional distress, humiliation, embarrassment, anxiety, financial loss, and damage to his reputation.

48.     These defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to Mr. Smith's rights. Their misconduct was the moving force behind Plaintiff's injuries as alleged herein.

WHEREFORE, Plaintiff TYLER SMITH prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
[42 U.S.C. §1983 – RETALIATION – FIRST AMENDMENT – DEFENDANTS AHANA, KRISHNA, LONGTIN-HORTON, AND DOES 1-25]

49.     Plaintiff Tyler Smith hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

50.     By and through the acts and omissions alleged herein, Defendants Ahana, Khrisna, Longtin-Horton, and Does 1-25 deprived Plaintiff Tyler Smith of his right to free expression, and to be free from retaliation for that expression under the First Amendment. These defendants, individually and acting in concert with one another, and as integral participants to each other's constitutional violations, caused Mr. Smith to be criminally prosecuted for crimes they knew he did not commit, so as to punish him for engaging in constitutionally protected activity, and to deter such future protected activity, to wit, Mr. Smith's legal advocacy of his client in and out of

- 12 -

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

court. Each of them knew that Mr. Smith was innocent of wrongdoing, and each caused and acquiesced in Mr. Smith's prosecution.

51. As a direct and proximate result of these defendants' acts and omissions, Plaintiff Tyler Smith was denied his most basic constitutional rights and as a result, needlessly faced mental and emotional distress, humiliation, embarrassment, anxiety, financial loss, and damage to his reputation.

52. These defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to Mr. Smith's rights. Their misconduct was the moving force behind Plaintiff's injuries as alleged herein.

WHEREFORE, Plaintiff TYLER SMITH prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
[42 U.S.C. §1983 – DELIBERATE FABRICATION OF EVIDENCE – FOURTEENTH AMENDMENT - DEFENDANTS AHANA, KRISHNA, LONGTIN-HORTON, AND DOES 1-25]

53. Plaintiff Tyler Smith hereby re-alleges and incorporates through reference all prior paragraphs of the Complaint.

54. By and through the acts and omissions alleged herein, Defendants Ahana, Khrisna, Longtin-Horton, and Does 1-25 deprived Plaintiff Tyler Smith of his rights under the Fourteenth Amendment not to be subjected to criminal charges based on fabricated evidence. These defendants, individually and acting in concert with one another, and as integral participants to each other's constitutional violations, provided knowingly false information and drafted and caused to be drafted knowingly false reports which formed the basis of Mr. Smith's prosecution.

55. As a direct and proximate result of these defendants' acts and omissions, Plaintiff Tyler Smith was denied his most basic constitutional rights and as a result, needlessly faced mental and emotional distress, humiliation, embarrassment, anxiety, financial loss, and damage to his reputation.

56. These defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to Mr. Smith's rights. Their misconduct was the moving force behind Plaintiff's injuries as alleged herein.

- 13 -

**SCHWAIGER LAW FIRM**
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

WHEREFORE, Plaintiff TYLER SMITH prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
[42 U.S.C. §1983 – UNCONSTITUTIONAL CUSTOM, POLICY, OR PRACTICE – DEFENDANT COUNTY OF MARIN]

57. Plaintiff Tyler Smith hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

58. Lori Frugoli is and at all relevant times was the District Attorney for the County of Marin, and the final decision and policy maker for the MCDAO. Ms. Frugoli failed to implement a conflict-of-interest policy to guard against the type of abuses alleged in this complaint. Conflict-of-interest policies are so basic to the fair administration of justice and the appearance of propriety that the failure to implement such a policy is a gross departure from the norm that can only be characterized as an act of deliberate indifference to the rights of the people under the jurisdiction of the MCDAO, including Plaintiff Tyler Smith. Had such a policy been in place, the events complained of herein would not have occurred.

59. As a direct and proximate result of this lack of policy, Plaintiff Tyler Smith was denied his most basic constitutional rights and as a result, needlessly faced mental and emotional distress, humiliation, embarrassment, anxiety, financial loss, and damage to his reputation.

WHEREFORE, Plaintiff TYLER SMITH prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1. For compensatory and economic damages according to proof;

2. For general damages according to proof;

3. For an award of exemplary or punitive damages against the individual defendants;

4. For an award of attorneys' fees and costs as permitted by law; and

5. For such other and further relief as the Court may deem necessary and appropriate.

- 14 -

**JURY TRIAL DEMANDED**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated:  July 29, 2026

**SCHWAIGER LAW FIRM**

By: _____
Izaak D. Schwaiger
Attorney for Plaintiff

SCHWAIGER LAW FIRM
2901 CLEVELAND AVENUE, SUITE 201
SANTA ROSA, CA 95403

- 15 -